[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE AMENDED MOTION TO STRIKE
On September 13, 1993, the plaintiff, Donaleen Waugh, filed a four-count complaint against the defendant, Nationwide Mutual Insurance Co. ("Nationwide"), alleging failure to pay claims as required by the underinsured motorist provisions of the policy; violation of General Statutes §§ 38a-816(1), (6) and (15), the Connecticut Unfair Insurance Practices Act ("CUIPA"); violation of General Statutes § 42-110a et. seq., the Connecticut Unfair Trade Practices Act ("CUTPA"); and breach of the implied covenant of good faith and fair dealing.
Nationwide has moved to strike Counts Two, Three and Four of the complaint for failure to state a claim upon which relief may be granted. The parties have filed memoranda of law as well as supplemental memoranda in light of Lees v. MiddlesexInsurance Co., 229 Conn. 842, ___ A.2d ___ (1994), which had been decided between the time the original motion to strike was filed and the time of oral argument.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). A motion to strike "does not admit legal conclusionsCT Page 109or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985).
In count two, paragraph fourteen, the plaintiff has alleged that "Nationwide has refused to make an offer or pay any amounts under the underinsurance provision of the Nationwide policy." Based on that single allegation, the plaintiff claims that Nationwide violated subsections (1), (6), and (15) of CUIPA. Other than that Nationwide has not paid for her injuries, however, the plaintiff has not alleged any facts which support this legal conclusion.
Although the defendant argues that the plaintiff must necessarily allege malice or intent to establish a CUIPA violation, "[t]here is no indication in the CUIPA statute . . . that § [38a-816(1)] required an allegation that the defendant knew he/she was making a false statement with the intent to deceive the plaintiff. The statute does not state that the misrepresentations made to the plaintiff be intentionally made, only that they were made." The Bronson Townsend Co. v.Cornaglia, 1 CSCR 814 (September 30, 1986) (Reynolds, J.). Nevertheless, the complaint still alleges insufficient facts to support a violation of General Statutes § 38a-816(1) and (15).
Nor has the plaintiff alleged facts which would establish a violation of General Statutes § 38a-816(6). An insurance company's "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by [it] in the processing of any other claim, does not rise to the level of a `general business practice' as required by § 38a-816(6)." Lees v. Middlesex Ins. Co[.], supra, 229 Conn. 849. The court noted that "of the sixteen categories of unfair insurance practices proscribed by General Statutes § 38a-816, only subsection (6) expressly requires proof that the unfair claim settlement practices enumerated therein were committed or performed `with such frequency as to indicate a general business practice.'" Id., 848 n. 5. Count Two therefore fails to state a claim upon which relief may be granted.
In Count Three, the plaintiff alleges a CUTPA violation. A plaintiff may not bring a cause of action under CUTPA based on conduct which does not also violate CUIPA where the alleged misconduct is related to the insurance industry.Mead v. Burns, 199 Conn. 651, 663-66, 509 A.2d 11 (1986). CT Page 110 Additionally, "a CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816(6) require[s] proof, as under CUIPA, that the unfair settlement practice had been committed or performed by that defendant `with such frequency as to indicate a general business practice.'" Lees v. MiddlesexIns. Co., supra, 229 Conn. 850. Therefore, because the plaintiff has not alleged facts sufficient to support a CUIPA violation, Count Three, alleging a CUTPA violation, must also be stricken.
In Count Four, the plaintiff alleges a breach of the implied covenant of good faith and fair dealing. An insurance contract contains "an implied covenant of good faith and fair dealing." Buckman v. People Express, Inc., 205 Conn. 166, 170,530 A.2d 596 (1987). "[W]hen the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." (Citations omitted.) L.F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 46,514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986). But breach of contract based on tortious conduct "must be alleged in terms of wanton and malicious injury, evil motive and violence." Id., 48. "Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity. . . . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will." Buckman v. People Express, Inc., supra, 205 Conn. 171
(citing jury instructions which were held to be proper).
In paragraph fifteen of count four, the plaintiff alleges that "Nationwide, by its refusal to pay the policy limits under the circumstances of this case has acted with extreme indifference to its obligations owed to the plaintiff and in bad faith." That conclusion, unsupported by any factual allegations, is insufficient to sustain a claim of bad faith.
Because the plaintiff has failed to allege sufficient facts which would support a violation of CUIPA, a violation of CUTPA, or a breach of the implied covenant of good faith and fair dealing, Nationwide's Amended Motion to Strike Counts Two, Three and Four is granted.
Jonathan E. Silbert, Judge CT Page 111